IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAB DISTRIBUTORS, LLC, | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: |
| v. | ) |
| LONDON LUXURY, LLC, | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

Plaintiff JAB Distributors, LLC ("Plaintiff" or "JAB"), files this complaint against Defendant London Luxury, LLC ("Defendant" or "London Luxury"), and states and alleges as follows:

### THE PARTIES

1. Plaintiff JAB is a limited liability company organized under the laws of Illinois and having its principal place of business at 1500 South Wolf Road, Wheeling, Illinois 60090.

2. On information and belief, Defendant London Luxury is a limited liability company organized under the laws of New York and having its principal place of business at 271 North Avenue, Suite 412, New Rochelle, New York 10801.

1

**JURISDICTION AND VENUE**

3. This is an action for patent infringement arising under the Patent Laws of the United States—Title 35 of the United States Code—and for breach of contract.

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because the action involves a patent infringement claim, and under 28 U.S.C. § 1367(a) because the Court has original jurisdiction under Sections 1331 and 1338(a) and all claims arose out of the same facts.

5. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

6. Defendant has engaged in business activities and infringing activities within this judicial district sufficient to vest this Court with personal jurisdiction over Defendant.

**FACTUAL BACKGROUND**

7. On June 30, 2009, United States Letter Patent No. 7,552,489 (the "'489 patent"), entitled "Mattress Encasement For Preventing Bed Bug Escapement Via A Zipper Opening," was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). On August 25, 2009, the USPTO issued a Certificate of Correction for the '489 patent. A copy of the '489 patent and the Certificate of Correction are attached hereto as **Exhibit A**. On January 13, 2010, a request for *ex parte* reexamination of the '489 patent was filed with the USPTO, and, on August 3, 2010, the USPTO issued an *Ex Parte* Reexamination Certificate confirming the patentability of all of the original claims of the '489 patent without any amendments to the claims. A copy of the *Ex Parte* Reexamination Certificate for the '489 patent is attached hereto as **Exhibit B**.

8. On September 10, 2013, United States Letter Patent No. 8,528,134 (the "'134 patent"), entitled "Method Of Preventing Bed Bugs From Escaping A Mattress Encasement Via A Zipper Opening," was duly and legally issued by the USPTO. A copy of the '134 patent is attached hereto as **Exhibit C**.

9. Plaintiff JAB is the assignee and owner of the entire right, title and interest in and to the '489 patent and the '134 patent, including the right to assert all causes of action arising under the '489 and '134 patents and the right to any remedy for infringement of the '489 and '134 patents.

10. Pursuant to 35 U.S.C. § 282, the '489 patent and the '134 patent, including every claim therein, are presumed valid.

11. Plaintiff JAB makes, sells, and offers for sale mattress encasement products described in the '489 and '134 patents. JAB markets the patented mattress encasement products under its registered trademark, PROTECT-A-BED®.

12. Plaintiff JAB sued Defendant London Luxury in September 2009 for infringing JAB's '489 patent by selling infringing products, including but not limited to London Luxury's "ALLERGY LUXE" product ("Formerly Accused Product").

13. On November 4, 2010, London Luxury entered into a contract ("The Contract") with JAB.

14. On December 21, 2010, Plaintiff JAB and Defendant London Luxury dismissed JAB's claim for infringement of the '489 patent involving the Formerly Accused Product.

15. London Luxury sells a product identified as "Sleep Safe Box Spring Protector" ("Presently Accused Product").

## CLAIM I – LONDON LUXURY INFRINGES THE '489 PATENT

16. JAB hereby restates and realleges the allegations set forth in the preceding paragraphs.

17. JAB alleges that London Luxury infringes the '489 patent.

18. Specifically, London Luxury has been infringing and continues to infringe the '489 patent by making, using, selling, offering for sale, and/or importing into the United States one or more products covered by at least one claim of the '489 patent, including, but not necessarily limited to, its Sleep Safe Box Spring Protector product (or Presently Accused Product).

19. London Luxury's acts of infringement have been made with full knowledge of the '489 patent. Such acts constitute willful and deliberate infringement, entitling JAB to enhanced damages and attorney's fees.

20. As a consequence of London Luxury's infringement, JAB has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless London Luxury is enjoined from committing further acts of infringement.

21. JAB is entitled to recover damages adequate to compensate for London Luxury's infringement, which in no event can be less than a reasonable royalty.

## CLAIM II – LONDON LUXURY INFRINGES THE '134 PATENT

22. JAB hereby restates and realleges the allegations set forth in the preceding paragraphs.

23. JAB alleges that London Luxury infringes the '134 patent.

24. Specifically, London Luxury has been infringing and continues to infringe the '134 patent by making, using, selling, offering for sale, and/or importing into the United States one or more products covered by at least one claim of the '134 patent, including, but not necessarily limited to, its Sleep Safe Box Spring Protector product (or Presently Accused Product).

25. On information and belief, and after a reasonable opportunity for further investigation and discovery, it is likely that the evidence will show that London Luxury's acts of infringement have been made with full knowledge of the '134 patent. Such acts constitute willful and deliberate infringement, entitling JAB to enhanced damages and attorney's fees.

26. As a consequence of London Luxury's infringement, JAB has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless London Luxury is enjoined from committing further acts of infringement.

27. JAB is entitled to recover damages adequate to compensate for London Luxury's infringement, which in no event can be less than a reasonable royalty.

**CLAIM III – LONDON LUXURY HAS BREACHED THE CONTRACT**

28. JAB hereby restates and realleges the allegations set forth in the preceding paragraphs.

29. The Contract (of November 4, 2010) is a valid and enforceable contract between JAB and London Luxury.

30. JAB has at all times performed all of its duties and obligations in accordance with The Contract.

31. To the extent that London Luxury denies infringement of the '489 and/or '134 patents, London Luxury is in breach and continues to be in breach of The Contract.

32. As a direct and proximate result of London Luxury's breach of The Contract, JAB estimates that it has been damaged. The exact amount of those damages shall be proven at trial.

## PRAYER FOR RELIEF

Plaintiff JAB prays for the following relief:

A. A determination that London Luxury has infringed the '489 and '134 patents;

B. That JAB be awarded damages adequate to compensate JAB for all acts of infringement by London Luxury, but in no event less than a reasonable royalty;

C. That the damages for infringement so ascertained be increased up to three times as provided for in 35 U.S.C. § 284;

D. That London Luxury and its officers, agents, subsidiaries, successors, employees, representatives, and assigns be permanently enjoined from further infringing the '489 and '134 patents and/or breaching The Contract;

E. That this case be declared exceptional and that JAB be awarded its attorneys' fees under 35 U.S.C. § 285;

F. Alternatively, a determination that London Luxury has breached The Contract and JAB be awarded damages against London Luxury for London Luxury's breach of The Contract;

G. That JAB be awarded its costs, expenses, and attorneys' fees in this matter;

H. That JAB be granted pre-judgment and post-judgment interest on the

damages caused by reason of London Luxury's infringement and/or breach; and

I. That JAB be awarded such other further relief, including punitive and exemplary damages, as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JAB demands a jury trial on all triable issues.

Dated: October 14, 2015               Respectfully submitted,


/s/ David Z. Petty
Wilhelm L. Rao
David Z. Petty
Dunstan H. Barnes
McAndrews, Held & Malloy, Ltd.
500 West Madison Street, 34th Floor
Chicago, Illinois 60661
Phone: (312) 775-8000
Fax: (312) 775-8100

Attorneys for Plaintiff,
**JAB DISTRIBUTORS, LLC**